112 A.2d 519 (1955)
Thomas J. BATA, Thomas J. Bata and David H. Graham, as Executors of the Estate of Mary T. Bata, and Western Investment and Trading Company, Limited, a Bermuda corporation, Plaintiffs,
v.
Donald M. HILL, Donald M. Hill, Jr., Donald M. Hill and Donald M. Hill, Jr., as Voting Trustees under Voting Trust Agreement for North River Securities Corporation, a Delaware Corporation, dated October 22, 1940, Charles Jucker and Hans Berger, individually, as mandatories in accordance with the law of Switzerland, and as a partnership, North River Securities Corporation, a Delaware corporation, Walter Runge, Louis F. Sperry and Frank A. Seller, Edward N. Goodwin, Nicholas Danforth, A. Turney Savage, Harold J. Faulkner, William F. Clare, Jr., and A. Pennington Whitehead, partners in the practice of law under the firm name of "Goodwin, Danforth, Savage & Whitehead" successor firm to a partnership which practiced law under the firm name of "Campbell, Harding, Goodwin & Danforth", Edward N. Goodwin and Harold J. Faulkner, as surviving Voting Trustees under a Voting Trust Agreement for Westhold Corporation, a Delaware corporation, dated October 14, 1940, Cagodan Corporation, a New York corporation, Westhold Corporation, a Delaware corporation, New World Investments Limited, a Canadian corporation, Roycan & Co., a Canadian partnership, N. V. Hollandsche Handelmaatschappij Bave, a Dutch corporation, Per Norgren, as Liquidator of N. V. Hollandsche Handelmaatschappij Bave, a Dutch corporation, N. V. Nederlandsche Schoen-en Lederfabrieken Bata-Best, a Dutch corporation formerly bearing the name N. V. Schoen-en Lederindustrie Amsterdam, Jan A. Bata, Transoceanique S. A., a Luxembourg corporation, Hans Berger, as Liquidator of Transoceanique S. A., a Luxembourg corporation, and Leader A. G., a Swiss corporation, Defendants.
Court of Chancery of Delaware, New Castle.
March 8, 1955.
*520 Aaron Finger (of Richards, Layton & Finger), Wilmington, and Inzer B. Wyatt and Robert MacCrate (of Sullivan & Cromwell), New York City, for plaintiffs.
George Tyler Coulson (of Morris, Steel, Nichols & Arsht), Wilmington, and Henry Cohen, New York City, for defendants, Donald M. Hill, Donald M. Hill, Jr., Donald M. Hill and Donald M. Hill, Jr., as voting trustees, Jan A. Bata and North River Securities Corp.
Henry A. Wise, Jr. (of Wise & Suddard), Wilmington, for defendant, Westhold Corp.
William Poole (of Berl, Potter & Anderson), Wilmington, for Charles Jucker and Hans Berger, individually, as mandatories in accordance with the law of Switzerland, and as a partnership.
The other defendants have either not been served or not appeared.
SEITZ, Chancellor.
After reading the various papers filed with the Court, I believe I now have in focus the presently relevant facts in a most complicated situation. However, I believe no purpose would now be served by narrating facts beyond those necessary to this decision. I particularly desire to avoid the expression of any unconscious or conscious evaluation of facts beyond the necessities of the present application.
Plaintiffs ultimately seek a declaratory judgment that they own the stock of two Delaware corporations, defendants herein. The corporation with which this interim application is concerned is the defendant, North River Securities Corporation. It is conceded that one of the matters for decision after trial will be whether the plaintiffs, Tom Bata and the executors of his mother's estate, or the defendant Jan Bata, owns the North River shares. It is not now necessary to relate the theories upon which the conflicting claims are made.
The principal asset of North River consists of bearer certificates representing 890 shares of stock of Leader A. G., a Swiss corporation. Leader controls all of the operating companies in the Bata enterprise with some minor exceptions. Plaintiffs recently applied to this Court for a receiver for North River on the ground, inter alia, that the conduct of North River's officials in permitting the Leader bearer certificates to remain in Switzerland threatened to nullify any decision by this Court as to the ownership of the North River stock; it being obvious that the real value of North River stock is in North River's ownership of the Leader shares. Plaintiffs sought a receiver so that such receiver might get possession of the Leader certificates. This Court denied the receivership on the condition that the Leader certificates be brought back from Switzerland and deposited with the clerk of this Court. This condition was promptly met by the officials of North River and the Leader certificates are now subject to this Court's control.
It appears, however, that some time during World War II an attempt was made by the Swiss mandatories of Leader[1] (now the defendants Jucker and Berger) to supersede these bearer Leader certificates held by North River. The reasons for so doing are not now important. The attempt to supersede came about by causing the same shares of Leader allegedly held by North River to be registered on Leader's books as belonging to B. S. F. Stiftung, a Swiss corporation. Registered certificates for the 890 shares plus others were issued to B. S. F. and such certificates are still in Switzerland. B. S. F. is admittedly controlled by the same Swiss mandatories who *521 control Leader. However, they are not parties defendant here in their capacities as mandatories of B. S. F.
The attempted transfer of the Leader shares from North River to B. S. F. was made without either B. S. F. or Leader ever getting possession of the bearer Leader certificates now in this Court's possession. Both the bearer certificates for 890 shares of Leader held by North River and 890 shares of the registered certificates of Leader held by B. S. F. admittedly represent the identical interest in Leader.
It is an open question as to which set would be recognized as valid by the Swiss Court. But that is not an issue in this case. Those controlling North River, B. S. F. and Leader concede that they hold the certificates for the party  as between Jan versus Tom and his mother's estate  who is determined to be the rightful owner of what was heretofore the property of Thomas Bata, deceased; subject to Swiss supervisory laws of course.
Thus it appears that this Court has, as an intermediate matter and at plaintiffs' instance, caused one of the principal assets (Leader shares) of one of the two Delaware corporations whose stock ownership is involved in this lawsuit to be deposited so as to be available to the North River Corporation when the ownership of its stock is ultimately determined as between Jan and the plaintiffs.
Jan now seeks certain interim relief and this is the decision thereon. The nature of such relief can best be shown by quoting the prayers in his application:
"1. Appointing a Receiver pendente lite for all of the right, title and interest, legal or equitable, of each and every of the parties appearing herein in and to 890 shares of Leader A. G. represented by bearer certificates under control of North River Securities or, allegedly, by certificates held by B. S. F. Stiftung and under control of Charles Jucker and Hans Berger for the purpose of obtaining possession of said certificates and keeping them safely within the State of Delaware subject to the order of the Court; and
"2. Directing and enjoining each and every of the parties appearing herein to assign, set over and transfer to said Receiver all of his or its right, title and interest, legal or equitable, in said 890 shares of Leader A. G. and the certificates representing or purporting to represent said shares; and
"3. To stay proceedings herein until the said Receiver has the certificates of Leader A. G. aforesaid in safe-keeping in the State of Delaware."
Jan's present application seeks to make as certain as possible that the determination as to the ownership of the North River shares will not only give the victor control of the Leader bearer certificates but will also indirectly give such victor control of the registered certificates now held by B. S. F. The reason for the desire to get control of the interest in both sets of certificates under this Court's power is to see that the victory is not an empty one. Otherwise the victor here may have to completely relitigate the ownership issue when North River finally takes the bearer certificates to Switzerland.
Now to the prayers in the application. Initially, I see no reason to appoint a receiver to hold any of the Leader shares represented by the bearer certificates now on deposit with this Court.
Defendant next prays for the appointment of a receiver by this Court to transfer the B. S. F. held Leader certificates to this Court. Basically, this Court caused the principal asset of North River (890 shares of Leader), one of two Delaware corporations whose stock ownership is here involved, to be deposited so as to be available to the corporation when the ownership of its stock is determined. The Leader shares on deposit may or may not have been superseded by the registered shares of Leader held by B. S. F. But neither B. S. F. nor the Leader certificates registered in its name are under this *522 Court's jurisdiction. This Court therefore cannot determine which set of certificates is valid. Even assuming the Swiss Court and law would sanction it, I cannot believe it is proper for this Court to order the deposit in Delaware of a possible asset of a non-appearing Swiss corporation. I decline to appoint a receiver for this purpose.
The next prayer to be considered raises the question as to whether this Court will appoint a receiver and direct the interested parties before this Court to convey to him their interest in 890 shares of the Leader stock now registered in the name of B. S. F. and representing the same interest as the bearer certificates. The interest so conveyed to the receiver would presumably be held and then conveyed by the receiver to North River when the ownership of the North River stock is ultimately determined by this Court.
Admittedly all parties having any claim to the North River shares are before this Court. Furthermore, the stock ownership determination is really sought to enable the victor to gain the ownership and control of its principal asset  890 shares of Leader stock. That was the reason plaintiffs sought a receiver for the stock. The duplication of the same Leader interest is evidenced by the certificates held by B. S. F. As heretofore stated, this Court cannot now decide which set of certificates is valid. But it is conceded that, subject to Swiss law, court orders and B. S. F.'s charter, B. S. F. is subject to the orders of its mandatories, Jucker and Berger, who concede that they are in turn subject to the direction of one or the other of the two sets of litigants who are here contesting the ownership of the North River stock. Viewing the substance of the North River controversy here being litigated, it is evident that I am trying the issue of the true owner of the interest in Leader. Therefore, why should not those parties who instituted this action with that ultimate objective in view be willing to join with Jan in taking such action as is necessary to render this Court's determination of North River's ownership effective as to its principal asset without rendering the result possibly subject to a second trial concerning it? Unless this is done the loser here may be able to require the victor to re-try in some other forum the whole issue of ownership of whichever set is valid. This seems to the Court to be a particularly good example of the type of situation where the flexible remedies of a Court of Equity may be most appropriately applied. Moreover, where all the parties in interest are now before this Court, the proper administration of justice calls for only one fair trial on what amounts to the question of the ownership of the 890 Leader shares.
A stay of the trial will be denied on the condition that plaintiffs comply with the procedure hereafter outlined. I will appoint a receiver to receive and hold such conveyances and documents, representing the interest of the parties, if any, in 890 shares of Leader held by B. S. F., as may be necessary to place him in a position to convey that interest to North River or some other designee when the ownership of the North River stock is finally determined. Until the merits of this case are resolved there will be no interference with the operation of the Bata enterprise.
Before the entry of the order hereon the Court will hear counsel, if they desire, particularly the attorney for Jucker and Berger, as to the appropriate steps to be taken to effectuate this decision. If there are any other factors to be considered, I will be happy to hear about them. It goes without saying that I believe my decision can be carried out without offending the Swiss Courts. I say this because I do not understand that the pending Swiss action between the parties, now on appeal, calls for such a determination of the ownership of the B. S. F. held Leader certificates as would preclude a trial in Switzerland to establish the validity of the bearer certificates.
I am not now called upon to decide what other action can be taken if any of the parties should be unwilling or unable to comply with the order to be entered on this decision.
Order on notice.
NOTES
[1] Under Swiss law a "mandate" relationship may be created by contract. Under it a party ("mandator") contracts with another ("mandatory") thereby creating a fiduciary relationship. The mandatory is subject to the directions of the mandator with respect to property etc., nominally under the control of the mandatory.