THOMAS J. BATA, THOMAS J. BATA and DAVID H. GRAHAM, as Executors of the Estate of Mary T. Bata, and WESTERN INVESTMENT AND TRADING COMPANY, Limited, a Bermuda corporation, Plaintiffs,

*vs.*

DONALD M. HILL; DONALD M. HILL, JR.; DONALD M. HILL and DONALD M. HILL, JR., as Voting Trustees under Voting Trust Agreement for North River Securities Corporation, a Delaware corporation, dated October 22, 1940; CHARLES JUCKER and HANS BERGER, individually, as mandatories in accordance with the law of Switzerland, and as a partnership; NORTH RIVER SECURITIES CORPORATION, a Delaware corporation; WALTER RUNGE, LOUIS F. SPERRY and FRANK A. SELLER; EDWARD N. GOODWIN, NICHOLAS DANFORTH, A. TURNEY SAVAGE, HAROLD J. FAULKNER, WILLIAM F. CLARE, JR., and A. PENNINGTON WHITEHEAD, partners in the practice of law under the firm name of "Goodwin, Danforth, Savage & Whitehead" successor firm to a partnership which practiced law under the firm name of "Campbell, Harding, Goodwin & Danforth"; EDWARD N. GOODWIN and HAROLD J. FAULKNER, as surviving Voting Trustees under a Voting Trust Agreement for Westhold Corporation, a Delaware corporation, dated October 14, 1940; CAGODAN CORPORATION, a New York corporation; WESTHOLD CORPORATION, a Delaware corporation; NEW WORLD INVESTMENTS LIMITED, a Canadian corporation; ROYCAN & Co., a Canadian partnership; N. V. HOLLANDSCHE HANDELMAATSCHAPPIJ BAVE, a Dutch corporation; PER NORGREN, as Liquidator of N. V. Hollandsche Handelmaatschappij Bave, a Dutch corporation; N. V. NEDERLANDSCHE SCHOEN-EN LEDERFABRIEKEN BATA-BEST, a Dutch corporation formerly bearing the name N. V. Schoen-en Lederindustrie Amsterdam; JAN A. BATA, TRANSOCEANIQUE S. A., a Luxembourg corporation, HANS BERGER, as Liquidator of Transoceanique S. A., a Luxembourg corporation; and LEADER A. G., a Swiss corporation, Defendants.

*New Castle, May 6, 1955.*

*Aaron Finger*, of Richards, Layton & Finger, Wilmington, and *Inzer B. Wyatt* and *Robert MacCrate*, of Sullivan & Cromwell, New York City, for plaintiffs.

*George Tyler Coulson*, of Morris, Steel, Nichols & Arsht, Wilmington, and *Henry Cohen*, New York City, for defendants Donald M. Hill and Donald M. Hill, Jr., as voting trustees, Jan A. Bata and North River Securities Corporation.

*Henry A. Wise, Jr.*, of Wise & Suddard, Wilmington for defendant, Westhold Corp.

*William Poole*, of Berl, Potter & Anderson, Wilmington, for Charles Jucker and Hans Berger, individually, as mandatories in accordance with the law of Switzerland, and as a partnership.

The other defendants have either not been served or not appeared.

SEITZ, Chancellor: This is the decision on so much of Jan Bata's motion as would (1) require the deposit in Court of the 280 bearer Leader shares allegedly "owned" by Westhold Corporation; said certificates now being held by the Westminster Bank in London, England, and (2) require the parties to assign all their interest in all possible Westhold assets to a Receiver.

Plaintiffs claim that at least 270 of these bearer Leader shares do not belong to Westhold but are owned directly by plaintiffs. Plaintiffs base their contention on the basis of a tracing of the history of these shares from the time of their original delivery to Thomas Bata, Sr. Jan Bata contends that these shares are an asset of Westhold. Con-

sequently, Jan contends that the same procedure should be followed as was followed with respect to the 890 Leader bearer shares held by North River, *viz.,* require that they be deposited with the Court. See *Bata v. Hill, Del.Ch.* 112 *A.2d* 519.

I have reviewed the pleadings in this case and it seems to me that the issues raised by the complaint and the counterclaim concern the ownership of the stock of Westhold and North River. No issue is posed as to whether this alleged asset of Westhold, *viz.,* the 280 Leader shares now in the Westminster Bank, is the property of Westhold as against plaintiffs. Otherwise stated, it does not appear that the issues posed by the pleadings would raise a question as to Tom's right to claim these 280 shares (at least 270) on the theory that they were never subject to any mandate relationship authorized or created by Thomas Bata, Sr.

It seems apparent to me, therefore, that this situation is not precisely the same as was involved in North River. If I should here direct Tom to transfer all of his interest in the 280 shares held by the Westminster Bank, then as to the 270 shares I would be saying, in effect, that they are an asset of Westhold to be delivered to it when its stock ownership is here determined. Yet, plaintiffs say such 270 shares are not Westhold assets but under the facts and controlling law are plaintiffs property directly. Thus, we see the distinction between the 890 bearer shares of Leader which all parties in interest conceded were an asset of North River and 270 of the 280 bearer shares of Leader which plaintiffs say are not a Westhold asset.

I conclude that the issues posed by the present pleadings only call for a determination of the ownership of the Westhold and North River stock. They do not call for a determination of the ownership of the 280 bearer Leader shares in the Westminster Bank. While that asset appears to be claimed by Westhold and appears to be constructively under its control, so to speak, its ownership as between Westhold and plaintiffs is not presented for determination. In other words, the pleadings would have to be amended if the parties desire this Court to rule whether or not the 270 Leader shares are in fact

an asset of Westhold.[1]  If this is not done the Court could go no further than to decide which faction owns the Westhold stock.  The parties would then have to litigate independently the issue of plaintiffs' rights to these shares as against Westhold.

It seems to me that a minimum requirement at this time would be for the parties to join in the execution of any documents needed to transfer the 280 Leader bearer shares from the Westminster Bank to this Court.  When the ownership of the shares of Westhold is determined then the Leader shares could be delivered to Westhold.  The matter of plaintiffs' rights as against Westhold could then be determined in an independent proceeding.

Since these 280 bearer Leader shares are "duplicated" by 280 registered shares of Leader held by B. S. F. Stiftung under the same circumstances as are narrated in my previous opinion, see *Bata v. Hill,* above, I believe that the parties should execute an instrument which will at least remove any question based on the existence of the 280 registered shares representing the same interest.

I have stated my conclusions as the matter now stands pleadingwise.  However, the parties have pressed this matter based on a desire to settle once and for all the control of Leader, which in turn controls the Bata enterprises.  The way the stock ownership of Leader now stands, it is apparent that unless plaintiffs are determined in this action to be the "owners" of the stock of Westhold and North River, the decision of this Court will not enable either faction to know finally which group has the controlling ownership in Leader, and thus the right to control it.  This is so because the 280 Leader shares now in London will be determinative of control if Jan Bata is determined to be the "owner of the Westhold and North River stock in this action.

It therefore seems to me that unless it would be seriously prejudicial every effort should be made to resolve in this action all rights of the conflicting parties not only in the stock of Westhold and

1. I assume without deciding for the present that such an issue could be properly presented and that this Court would have jurisdiction to decide that issue.

North River but also in the 280 shares of Leader now in London. Since the theory of plaintiffs' right to 270 of these shares as against Westhold is, according to their attorney's statement yesterday, the theory on which the New York action was tried and determined, it would not seem to constitute the basis of surprise or be too difficult to put that issue before this Court by appropriate amendments.

The parties should at once take action to bring the Leader certificates to this Court and prepare for execution an indenture which will remove any question about the duplicate registered certificates. If an application to amend to raise the title issue as to 270 of the Leader bearer shares, as between plaintiffs and Westhold, is to be made to the Court it should be presented promptly. What effect, if any, such an application may have on the trial date I do not now decide.